**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOHN BERNHOLT and BERNHOLT DESIGN SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JEFF ALLEN; ABP ENGINEERING, LLC; MMIS HOLDINGS, LLC; and MIDWEST MECHANICAL INDUSTRIAL SERVICES, LLC, <br><br> Defendants. | CASE NO. 8:19-cv-00419 <br><br> **PROTECTIVE ORDER** |

Upon consideration of the parties' joint request for entry of a Protective Order (Filing No. 27), the Court enters the following Stipulated Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this action:

John Bernholt; Bernholt Design Solutions, Inc.; Jeff Allen; ABP Engineering, LLC; MMIS Holdings, LLC; and Midwest Mechanical Industrial Services, LLC (collectively, the "Parties" or individually "Party") expect that disclosure of documents or information in this case may involve the exchange of sensitive information, including, <u>inter alia</u>, competitive business information, financial information, other personal or business financial information, personally identifying information with respect to Parties or employees, and/or other information that would be subject to protection from public disclosure. For purposes of this Protective Order, the term "Party" includes a Party's agents, owners, attorneys, directors, employees, members, and officers. Accordingly, the Parties stipulate and agree to, and the Court finds good cause for, entry of the foregoing Protective Order pursuant to Fed. R. Civ. P. 26(c).

It is hereby ordered that:

**I.** **<u>Designation of "Confidential" or "Confidential-Attorneys' Eyes Only" Information.</u>**

1. All documents containing information that is to be considered confidential information pursuant to this Order shall be marked "Confidential" in large letters on the first page and on each page of the document on which such information is contained. If a multi-page document is deemed to be confidential in its entirety, a party may so

indicate by marking "Confidential–Entire Document" in large letters of the first page of the document or by marking each page "Confidential."

  a. "Confidential" Designation. A Party may designate documents, deposition testimony, discovery responses, or other information produced by a Party or a third-party in connection with this case ("Material") as "Confidential" so long as it reasonably and in good faith believes the Material contains or reflects a trade secret or other confidential, personal, or proprietary information including, but not limited to, personnel and payroll records and files, financial records and data, business records and data, business policies and procedures, any information that would place the designating Party at a competitive disadvantage in the event such information were released to competitors or to the general public, or any information of a non-public nature considered (in good faith) by the designating Party to be sensitive, confidential, and/or proprietary. Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

  b. "Confidential" information includes all Material designated "Confidential," pursuant to the terms of this Order, as well as summaries and compilations derived from such Material, including but not limited to charts, tables, graphs, and models.

  c. Given the nature of this proceeding, all Material produced or provided in connection with this case, as well as the information contained therein, is rebuttably presumed to be "Confidential" unless otherwise designated as "Confidential-Attorneys Eyes Only," publicly available, or becomes publicly available by actions other than the receiving party of a document. Such rebuttable presumption applies to Material produced by either a Party or a third-party in connection with this case.

 2. All documents containing information that is to be considered highly confidential information pursuant to this Order shall be marked "Confidential-Attorneys Eyes Only" in large letters on the first page of the document on which such information is contained and on each page of the document on which such information is contained. If a multi-page document is deemed to be "Confidential-Attorneys Eyes Only" in its entirety, a party may so indicate by marking ""Confidential-Attorneys Eyes Only – Entire Document" in large letters of the first page of the document.

  a. "Confidential-Attorneys' Eyes Only" Designation. A Party may designate as "Confidential-Attorneys' Eyes Only" any Material that meets the criteria to be designated as "Confidential," but that a Party also reasonably and in good faith believes contains or reflects especially sensitive information of any kind in that Party's possession, custody or control, such that disclosure to persons other than those specified below could reasonably be expected to result in injury to that Party. Pricing and cost data, customer sales information and buying history, or information relating to prospective customers are non-exclusive examples of information that could fall under this category. Such designation

shall, without more, subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

      b.    "Confidential-Attorneys' Eyes Only" information includes all Material designated "Confidential-Attorneys' Eyes Only," pursuant to the terms of this Order, as well as summaries and compilations derived from such Material, including but not limited to charts, tables, graphs, and models.

      c.    In the case of deposition testimony, designation of "Confidential-Attorneys' Eyes Only" information shall be made by (i) designating the question asked or the testimony given, at the time asked and/or given, as "Confidential-Attorneys' Eyes Only," or (ii) by giving notice in writing to the court reporter and counsel of record for all Parties within seven (7) days after receipt of the transcript of the portions containing "Confidential-Attorneys' Eyes Only" information, in which event the court reporter shall appropriately mark the transcript. Prior to the conclusion of this seven (7) day period, the Parties shall maintain the deposition transcript and all of its exhibits as "Confidential-Attorneys' Eyes Only." If said designation is made during the deposition, the Parties agree that individuals who would not be permitted access to the information under this Protective Order shall be asked to leave the room while testimony relating to such matters is provided.

      d.    The Parties acknowledge that creation of the "Confidential-Attorneys' Eyes Only" designation does not permit discovery into matters that are not in dispute in this litigation and that both Parties maintain an interest in limiting inquiry into private personal or business affairs. Counsel for the Parties agree to work together with regard to disputes about information designated under this category; but, if counsel cannot reach a resolution, review of the Court shall be sought prior to such information being shared beyond the category of those persons or entities entitled to review information designated as "Confidential - Attorneys' Eyes Only".

## II. **Treatment of "Confidential" or "Confidential-Attorneys' Eyes Only" Information.**

      1.    Inadvertent failure to designate a document as "Confidential" or "Confidential-Attorneys' Eyes Only" may be corrected by supplemental written notice given as soon as practicable. If a Party has inadvertently failed to designate Material as "Confidential" or "Confidential-Attorneys' Eyes Only", and then subsequently discovers the failure and corrects such designation, a Party that has used or disclosed that Material during the inadvertent disclosure period based upon the reasonable belief that the Material was not subject to such a designation will not be subject to any penalty or adverse consequences. The Parties agree that the Material at issue shall be treated according to the new designation from the time that notice is actually received by counsel for the notified Party (but not later than three business days after the notice is sent). However, the Parties also recognize that the Material may have already been

distributed to individuals who would otherwise not have been allowed to review such information due to the late designation.

    2.    If any party objects to the designation of any information as "Confidential" or "Confidential-Attorneys' Eyes Only", that party shall meet and confer with opposing counsel in an effort to resolve any such dispute. If the parties are unable to resolve such dispute, the party designating the material as "Confidential" or "Confidential-Attorneys' Eyes Only" may move to have the Court declare the contested information "Confidential" or "Confidential-Attorneys' Eyes Only". A party may seek leave of the Court for a motion to strike the designation.

    3.    Use of "Confidential" or "Confidential-Attorneys' Eyes Only" in Judicial Proceedings.

        a.    In any judicial proceeding in which "Confidential-Attorneys' Eyes Only" information may become a part of a written submission to the Court (as either an exhibit or by being quoted or summarized in a submission), the Parties will (1) redact the information, or (2) file the written submission as "restricted" through the ECF filing system.

        b.    In any judicial proceeding in which "Confidential" information may become a part of a written submission to the Court (as either an exhibit or by being quoted or summarized in a submission), the Parties will first confer to determine whether such information must be redacted or used only as part of a restricted filing. To the extent that the Parties are unable to reach an agreement or are unable to timely confer in light of a filing deadline, the Parties will (1) redact the information, or (2) file the written submission as "restricted" through the ECF filing system.

    4.    Access to Material designated as "Confidential-Attorneys' Eyes Only" shall be limited to individuals who must handle those documents for purposes of this litigation. No person allowed to view "Confidential-Attorneys' Eyes Only" Material shall use any such Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of this litigation, and each receiving person shall undertake those best efforts necessary to protect the confidentiality of such Material. Individuals authorized to handle "Confidential-Attorneys' Eyes Only" Material are as follows:

        a.    The Court and officers of the Court;

        b.    Court reporters and their assistants and administrative staff;

        c.    Counsel for the Plaintiffs, including attorneys, paralegals, administrative staff, and other employees or contractors employed or contracted by counsel for the Plaintiffs;

d. Counsel for Defendants, including attorneys, paralegals, administrative staff, or contractors employed or contracted by counsel for the Defendants;

e. Any mediator used to attempt resolution of this litigation;

f. During the course of providing testimony in a deposition or court hearing, witnesses (and their counsel) who are asked about such Materials during such proceeding;

g. Testifying experts and consulting experts who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in this litigation;

h. Independent litigation support services, including but not limited to, document reproduction services, computer imaging services, and demonstrative exhibit services; and

i. Court interpreters or other translators necessary for taking testimony or preparation of witnesses or exhibits in the above-captioned proceeding.

All witnesses, experts, and consultants who will review "Confidential-Attorneys' Eyes Only" Material information must first execute the Acknowledgment of Confidentiality Agreement attached as Exhibit A, stating that they will abide by the terms of this agreement and that they will not permit disclosure of such Material to anyone who is not also allowed to handle such information.

5. Access to Material designated as "Confidential" shall be limited to individuals who must handle those documents for purposes of this litigation. No person allowed to view "Confidential" Material shall use any such Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the Litigation, and each receiving person shall undertake those best efforts necessary to protect the confidentiality of such Material. Individuals authorized to handle "Confidential" Material are as follows:

a. Those individuals authorized to access "Confidential-Attorneys' Eyes Only" Material;

b. Plaintiffs, including only those employees thereof who need to review the Material for the purposes of this litigation;

c. Defendants, including only those employees thereof who need to review the Material for purposes of this litigation;

d. Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action;

All witnesses, experts, and consultants who will review "Confidential" Material information must first execute the Acknowledgment of Confidentiality Agreement attached as Exhibit A, stating that they will abide by the terms of this agreement and that they will not permit disclosure of such Material to anyone who is not also allowed to handle such information.

6. Unless counsel of record for the party producing the "Confidential" or "Confidential-Attorneys' Eyes Only" Material consents in writing to any other use, such information shall be used solely in connection with the prosecution or defense of the action.

7. Except as provided for herein, no person having access to "Confidential" or "Confidential-Attorneys' Eyes Only" Material shall make public disclosures of that material without further order of this Court.

8. No Party, for itself or any other person acting on its behalf, shall make more copies of any "Confidential" or "Confidential-Attorneys' Eyes Only" Material than are reasonably necessary to conduct this litigation.

9. Upon conclusion of this case, including any subsequent appeals, all originals and copies of confidential material (and all summaries thereof) shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (i) otherwise ordered by the Court for good cause shown, (ii) the return or destruction of such materials is prohibited by law, or (iii) the document has been filed with the Court or used as an exhibit. Notwithstanding anything in this paragraph or the Protective Order, the Parties agree that their legal counsel shall not be obligated to delete, destroy, or return "Confidential" or "Confidential-Attorneys' Eyes Only" documents that are maintained in legal counsel's files upon conclusion of this case, including any subsequent appeals. The Parties correspondingly agree that if their legal counsel maintains such documents, their legal counsel shall not produce any "Confidential" or "Confidential-Attorneys' Eyes Only" documents produced by the opposing Party or a third-party to the client or client's representative for any reason whatsoever in the future or otherwise make use of the documents. To the extent that said documents remain in the attorneys' files, the Parties acknowledge that the maintenance of said documents is for the convenience of the Parties and attorneys only and to reduce the expense incurred by both Parties in concluding this matter.

10. Notwithstanding anything to the contrary herein, the Parties shall have no obligation under this Order with respect to information that is or becomes publicly available (except as by unauthorized disclosure).

11. This Order in no way alters or supersedes the Parties' responsibilities under the E-Government Act of 2002, this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

12. Any Party may petition this Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings

13. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

    a. operate as an admission that any particular discovery material constitutes, contains, or reflects confidential matter;

    b. prejudice in any way the rights of any Party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

    c. prejudice a Party from seeking modification or rescission of this Confidentiality Agreement; or

    d. prejudice a Party from seeking further protection of any confidential information.

14. Except as otherwise provided herein, the restrictions and obligations provided in this Order shall not terminate upon the conclusion of this lawsuit, but shall continue subject to order of this Court.

IT IS HEREBY ORDERED.

Dated: April 8, 2020

_____
THE HONORABLE CHERYL R. ZWART
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2020

Respectfully submitted,

/s/Krista M. Eckhoff
Krista M. Eckhoff (NE# 25346)
BAIRD HOLM LLP
1700 Farnam St, Suite 1500
Omaha, NE 68102-2068
Phone: (402) 344-0500
Email: keckhoff@bairdholm.com
Attorneys for Plaintiffs

/s/Kristin Krueger
Kristin Krueger
Casandra M. Langstaff
KOLEY JESSEN, P.C., LLO
1125 South 103rd Street, Suite 800
Omaha, NE 68124
Kristin.Krueger@koleyjessen.com
Casandra.Langstaff@koleyjessen.com
Attorneys for Defendants

**Attachment A**

**<u>ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER</u>**

  I, _____, have read and fully understand the Agreed Protective Order filed in *John Bernholt et al. vs. Jeff Allen et al.,* Case No. 8:19-CV-419. I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the District of Nebraska, or any other court having jurisdiction over the matters in this lawsuit, for any proceedings with respect to said Order. I will not divulge to persons other than those specifically authorized by the Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Order. I hereby agree that upon notification of the conclusion of this case, including any subsequent appeals, I shall return all originals and copies of confidential material (and all summaries thereof) to the producing party or the producing party's counsel or representative, or certify that all such documents have been destroyed.

Dated: _____
               _____
               (Signature)

               _____
               (Print Name)

               _____
               (Home Address)

               _____
               (Home Address Continued)

DOCS/2450832.1